UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| JOHN CAVALIERE | X | |
| *Plaintiff* | X | |
| | X | 3:22cv868 (OAW) |
| V. | X | |
| | X | |
| MARLON SHIELDS, TRUCK RELOCATING | X | |
| SERVICES, LLC, and UNITED PARCEL | X | |
| SERVICE, INC. | X | |
| | X | JURY TRIAL DEMANDED |
| | X | |
| *Defendants.* | X | |
| | X | |
| | X | July 12, 2022 |

## COMPLAINT

### PARTIES AND JURISDICTION:

1. The plaintiff, John Cavaliere, is a citizen of the State of Connecticut, residing in Trumbull, Connecticut.

2. The defendant, Marlon Shields, is a citizen of the State of North Carolina, residing in Durham, North Carolina.

3. Upon information and belief, the defendant, Truck Relocating Services, LLC is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located in Mesa, Arizona.

4. Upon information and belief, the defendant, United Parcel Service, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 55 Glenlake Parkway in Atlanta, Georgia 30328.

1

5. The jurisdiction of this Court is asserted pursuant to 28 U.S.C. §1332 in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**FIRST COUNT:** **(Negligence as to Marlon Shields)**

1-5. The plaintiff repeats and re-alleges the allegations contained in paragraphs one through five as if they were set forth fully herein.

6. On October 20, 2021, at approximately 2:50 p.m., the Plaintiff, John Cavaliere, was operating a 2015 Nissan Titan ("Nissan") in a northbound direction on the Merritt Parkway in Fairfield, Connecticut.

7. At that date, time, and place, Defendant Marlon Shields ("Defendant Shields") was operating a UPS Truck in a northbound direction on the Merritt Parkway in Fairfield, Connecticut, behind the Nissan.

8. At that date, time, and place, the Merritt Parkway in Fairfield, Connecticut was an open and public highway of the State of Connecticut.

9. At that date, time, and place, the Plaintiff slowed his vehicle for vehicular traffic in front of him.

10. After the Plaintiff slowed for traffic, the Nissan was struck from behind by the UPS Truck, causing the Nissan to be pushed into a Lexus being operated by Evan Beirne.

11. These collisions, and the Plaintiff's resulting injuries and losses, were caused by the negligence of Defendant Shields in one or more of the following ways:

(a) he operated the UPS Truck at a rate of speed greater than was reasonable having regard to the width, traffic, use of the highway, and the intersection of streets and weather conditions, in violation of Conn. Gen. Stat. Ch. 248, Sec. 14-218(a);

(b) he operated the UPS Truck behind the Nissan more closely than was reasonable and prudent having regard for the speed of vehicles and traffic upon and the condition of the roadway, and weather conditions, in violation of Conn. Gen. Stat. Ch. 248, Sec. 14-240;

(c) he operated a vehicle that was prohibited from being operated on the Merritt Parkway, with signs indicating as such, in violation of Conn. Gen. Stat. Ch. 249, Sec. 14-298;

(d) he operated a vehicle that was prohibited from being operated on the Merritt Parkway in violation of Conn. Agencies Regs. Sec. 14-298-249;

(e) he failed to keep the UPS Truck under proper and reasonable control;

(f) he failed to keep a proper and reasonable lookout for other vehicles on the highway;

(g) he failed to apply his brakes in time to avoid a collision, although by a proper and reasonable exercise of his faculties, he could have and should have done so; and

(h) he failed to turn the UPS Truck so as to avoid a collision, although by a proper and reasonable exercise of his faculties, he could have and should have done so.

12. As a result of the collisions described above, and the negligence of Defendant Shields, the Plaintiff suffered the following injuries and losses, some or all of which may be permanent:

(a) Traumatic injury to the back;

(b) Traumatic injury to the knees;

(c) Traumatic injury to the neck;

  (d)  Traumatic injury to the shoulders;

  (e)  Abrasion to the back.

  13. As a further result of these injuries and the negligence of Defendant Shields, the Plaintiff has experienced and will experience in the future, intense pain and suffering.

  14. As a further result of these injuries and the negligence of Defendant Shields, the Plaintiff has experienced, and will experience in the future, mental and emotional injury.

  15 As a further result of these injuries and the negligence of the Defendant Shields, the Plaintiff's ability to pursue and enjoy life's activities has been and will be reduced.

  16. As a further result of these injuries and the negligence of Defendant Shields, the Plaintiff has incurred, and may incur in the future, medical expenses.

  17. As a further result of these injuries and the negligence of Defendant Shields, the Plaintiff has lost time from work, has lost earnings, and his earning capacity has been and will be diminished.

**SECOND COUNT:  (Vicarious Liability as to Truck Relocating Services, LLC – employment/agency)**

  1 – 17. Paragraphs 1 through 17 of the First Count are hereby made paragraphs 1 through 17 of this Second Count as though fully set forth herein.

  18. At the date and time of the collision described above, Defendant Truck Relocating Services, LLC was an owner of the UPS Truck.

  19. At the date and time of the collision described above, Defendant Shields was an agent, servant, employee, and/or statutory employee of Defendant Truck Relocating Services,

LLC, and operating the UPS Truck within the course and scope of such agency and/or employment. See Conn. Gen. Stat. Sec. 52-183.

20. As a consequence thereof, Defendant Truck Relocating Services, LLC is vicariously liable to the Plaintiff for the injuries and losses caused by the negligence of Defendant Shields as described herein.

**THIRD COUNT:** (Negligence as to Truck Relocating Services, LLC)

1 – 10. Paragraphs 1 through 10 of the First Count are hereby made paragraphs 1 through 10 of this Third Count as though fully set forth herein.

11. At the time of the collision, Defendant Shields was an agent, servant, employee and/or statutory employee of Defendant Truck Relocating Services, LLC, and was operating the UPS Truck within the scope of his employment/agency.

12. These collisions, and the Plaintiff's resulting injuries and losses, were caused by the negligence of Defendant Shields in one or more of the following ways:

(a) he operated the UPS Truck at a rate of speed greater than was reasonable having regard to the width, traffic, use of the highway, and the intersection of streets and weather conditions, in violation of Conn. Gen. Stat. Ch. 248, Sec. 14-218(a);

(b) he operated the UPS Truck behind the Nissan more closely than was reasonable and prudent having regard for the speed of vehicles and traffic upon and the condition of the roadway, and weather conditions, in violation of Conn. Gen. Stat. Ch. 248, Sec. 14-240;

(c) he operated a vehicle that was prohibited from being operated on the Merritt Parkway, with signs indicating as such, in violation of Conn. Gen. Stat. Ch. 249, Sec. 14-298;

(d) he operated a vehicle that was prohibited from being operated on the Merritt Parkway in violation of Conn. Agencies Regs. Sec. 14-298-249;

(e) he failed to keep the UPS Truck under proper and reasonable control;

(f) he failed to keep a proper and reasonable lookout for other vehicles on the highway;

(g) he failed to apply his brakes in time to avoid a collision, although by a proper and reasonable exercise of his faculties, he could have and should have done so; and

(h) he failed to turn the UPS Truck so as to avoid a collision, although by a proper and reasonable exercise of his faculties, he could have and should have done so.

13. Defendant Truck Relocating Services, LLC, its agents, servants, and/or employees, was/were negligent in causing the collisions, and the Plaintiff's injuries and losses, in one or more of the following ways:

(a) it/they failed to properly train Defendant Shields;

(b) it/they failed to properly supervise Defendant Shields;

(c) it/they failed to properly monitor Defendant Shields' operation of the UPS Truck so as to prevent him from operating the UPS Truck on the Merritt Parkway;

(d) it/they failed to properly educate/train Defendant Shields, in particular with respect his operating the UPS Truck on the Merritt Parkway in violation of Connecticut law/regulations.

14. As a result of the collisions described above, and the negligence of Defendant Truck Relocating Services, LLC, its agents, servants, and/or employees, the Plaintiff suffered the following injuries and losses, some or all of which may be permanent:

(a) Traumatic injury to the back;

6

 (b) Traumatic injury to the knees;

 (c) Traumatic injury to the neck;

 (d) Traumatic injury to the shoulders;

 (e) Abrasion to the back.

15. As a further result of these injuries and the negligence of Defendant Truck Relocating Services, LLC, the Plaintiff has experienced and will experience in the future, intense pain and suffering.

16. As a further result of these injuries and the negligence of Defendant Truck Relocating Services, LLC, the Plaintiff has experienced, and will experience in the future, mental and emotional injury.

17. As a further result of these injuries and the negligence of the Defendant Truck Relocating Services, LLC, the Plaintiff's ability to pursue and enjoy life's activities has been and will be reduced.

18. As a further result of these injuries and the negligence of Defendant Truck Relocating Services, LLC, the Plaintiff has incurred, and may incur in the future, medical expenses.

19. As a further result of these injuries and the negligence of Defendant Truck Relocating Services, LLC, the Plaintiff has lost time from work, has lost earnings, and his earning capacity has been and will be diminished.

**FOURTH COUNT:  (Vicarious Liability as to United Parcel Service, Inc. – employment/agency)**

1 – 17.  Paragraphs 1 through 17 of the First Count are hereby made paragraphs 1 through 17 of this Fourth Count as though fully set forth herein.

18. At the date and time of the collision described above, Defendant Shields was an agent, servant, employee, and/or statutory employee of Defendant United Parcel Service, Inc., and was operating the UPS Truck within the course and scope of such employment and/or agency.

19. As a consequence thereof, Defendant United Parcel Service, Inc. is vicariously liable to the Plaintiff for the injuries and losses caused by the negligence of Defendant Shields as described herein.

**WHEREFORE**, the Plaintiff seeks for judgment as follows:

a. Compensatory and consequential damages;

b. Attorney's fees as allowed by law;

c. Costs of suit;

d. Such other relief as the Court deems just and proper.

THE PLAINTIFF,

By: _____
Etan Hirsch, Esq.
Adelman Hirsch & Connors, LLP
1000 Lafayette Boulevard
Bridgeport, CT  06604
Federal Bar No. – ct28189
Tele: (203) 331-8888
Fax: (203) 333-4650
Email: ehirsch@ahcinjurylaw.com

8